UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD MYERS and PRECIOUS HUBBARD, <br>     Plaintiffs, <br><br> v. <br><br> ILLINOIS CENTRAL RAILROAD COMPANY d/b/a CN, <br><br>     Defendant. | ) <br> ) <br> ) <br> ) Case No. 1:25-cv-07694 <br> ) <br> ) Judge Sharon Johnson Coleman <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Donald Myers ("Myers") and Precious Hubbard ("Hubbard") (together, "Plaintiffs") brought suit against Defendant, Illinois Central Railroad Co. d/b/a CN Transportation Limited ("Defendant"),[1] alleging approximately 25 freight trains operated by Defendant derailed on June 27, 2024, and as a result, materials and substances spilled or were vented from damaged cars, onto the property of Myers and Hubbard, causing chemical exposure and subsequent health issues. Plaintiffs allege Defendant's actions and inactions in response to the derailment, violated the Federal Railroad Safety Act ("FRSA"), and additionally brought negligence, strict liability, trespass, private nuisance, negligent infliction of emotional distress ("NIED"), and lost wage claims against Defendant. Defendants now move the Court to dismiss Plaintiffs' Amended Complaint ("Complaint") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion [16].

---

[1] Per the previously filed Stipulation to Substitute Counsel and Dismiss Defendant CN Transportation, Ltd., (Dkt. 10), the proper Defendant in this matter is "Illinois Central Railroad Company d/b/a CN."

1

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Plaintiffs' Complaint, (Dkt. 2), and are assumed true for purposes of this Motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

**A. Train Derailment**

On or about June 27, 2024, 25 freight train cars operated by Defendant derailed between Main Street and 217th Street in Matteson, Illinois. Plaintiffs assert the train derailment was caused by an older train car moving at an unlawfully high rate of speed through a curve in the track. In its emergency response, the town of Matteson issued a mandatory evacuation of homes and businesses in the area within a quarter mile east, one mile west, and one mile south of the site of the derailment. According to Plaintiffs, at least some of the derailed train cars contained liquified petroleum gas and other various hazardous substances.

**B. Alleged Harm to Plaintiffs**

Plaintiffs own residential property located on 218th Street, which abuts the railroad tracks and is located within the mandatory evacuation area. Plaintiffs assert that one or more of the derailed train cars spilled liquified petroleum gas or other hazardous materials into the backyard of Plaintiffs' property and emitted noxious chemical odors, fumes, and gases.

Following the derailment, on or about June 28, 2024, Myers was admitted to the Emergency Department at Advocate South Suburban Hospital in Hazel Crest, Illinois, complaining of shortness of breath and a chemical taste in his mouth. Myers was subsequently diagnosed with mild intermittent reactive airway disease due to chemical exposure and was prescribed Prednisone and Albuterol to manage his symptoms. When his symptoms did not subside, on or about July 3, 2024, Myers sought additional medical care at Advocate Medical Group Immediate Care, where he was prescribed an supplemental inhaler to manage his symptoms. Later that month, on July 30, 2024, Myers underwent

a computed tomography chest scan and a pulmonary function test, which revealed mild central lobar bronchiectasis, or a chronic lung condition characterized by permanent widening and thickening of the airways. Despite repeated treatment, Myers continues to experience symptoms, including shortness of breath and a raspy voice.

Following the derailment, on or about June 29, 2024, Hubbard was also admitted to Matteson Urgent Care, complaining of chest congestion, cough, and mild asthma. On or about July 3, 2024, Hubbard sought additional medical care at Midwest Express-Matteson, where she was treated for follow up care.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1). The court must dismiss actions where there is no federal question or where there is no diversity for want of jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the subject matter jurisdictional requirements have been met. *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

**DISCUSSION**

Defendant asserts Plaintiffs' Complaint should be dismissed because it purports to invoke federal jurisdiction through the FRSA, which does not create a private federal cause of action nor confer federal-question jurisdiction. (*See* Dkt. 16 at 1) (citing *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708 (6th Cir. 2012)).

In their Response, Plaintiffs concede that, after reviewing the relevant statutes and case law, Plaintiffs believe that the best course of action is to agree with most (but not all) of Defendant's arguments and concede to the dismissal of their FRSA claim. (Dkt 18 at *2-3). Because Plaintiffs

concede that they do not have a private right of action under the FRSA, and because no diversity of citizenship exists, the Court dismisses Plaintiffs' FRSA claims for lack of subject matter jurisdiction.

## II.   Remaining State Law Claims

Defendants next assert Plaintiffs' remaining claims should be dismissed because the Court cannot properly exercise supplemental jurisdiction over Plaintiffs' remaining claims since they do not implicate "significant federal issues." (*See* Dkt. 16 at \*2-3.)  Supplemental jurisdiction provides district courts with jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

Having dismissed Plaintiffs' sole claim under federal law, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and defers addressing the merits of those claims.  *See Bey v. Ayers*, 2024 WL 4823870, at \*5 (7th Cir. Nov. 19, 2024) (holding that when a party's federal claims are "properly dismissed, and only a single state claim survives, relinquishing supplemental jurisdiction over the claim is the presumed course of action.").  The Court also declines to issue an advisory opinion remanding the Complaint to state court and holding that Plaintiffs' remaining claims are not preempted by the FRSA, because such a determination is not properly before the Court in light of its finding that it does not have subject matter jurisdiction over the claims. Accordingly, and because a court that lacks subject matter jurisdiction cannot dismiss a case with prejudice, *See Flynn v. FCA US LLC*, 39 F.4th 946, 95(7th Cir. 2022), the Plaintiffs' remaining counts are dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is granted [16]. This Court declines to exercise jurisdiction over Plaintiffs' remaining state law claims and dismisses those claims without prejudice.

**IT IS SO ORDERED.**

Date: 12/1/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge